IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| TEAMWORK PARTNERS, LLC<br>7146 Moorland Drive<br>Clarksville, Maryland 21029,<br><br>    Plaintiff,<br><br>v.<br><br>WAYFORTH, LLC<br>c/o CT Corporation System, Registered Agent<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060,<br><br>    Defendant. | Case No.: _____ |

## COMPLAINT

Plaintiff Teamwork Partners, LLC ("Teamwork"), by counsel, respectfully files this Complaint for breach of contract against Defendant WayForth, LLC ("WayForth"). As set forth below, WayForth failed to pay Teamwork $1,000,000.00 which was due on April 30, 2023 under a binding contract between the parties. Teamwork seeks an award of $1,000,000.00 plus such interest and attorney's fees as may be recoverable by law due to WayForth's breach of contract.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Teamwork is a Maryland limited liability company with its principal place of business located at 7146 Moorland Drive, Clarksville, Maryland 21029. Teamwork has two (2) members—Kimberly McMahon and Allison Pihl—each of whom reside in and are citizens of Maryland. Prior to June 15, 2023, Teamwork was named Let's Organize, LLC ("Let's Organize") and did business as Let's Move. On June 15, 2023, Let's Organize legally changed its name to Teamwork Partners, LLC.

1

2. Defendant WayForth is a Virginia limited liability company with its principal place of business located at 1518 Willow Lawn Drive, Suite 300, Richmond, Virginia 23230.[1] Upon information and belief, WayForth's sole current member is WayForth, Inc. which is a Delaware Corporation with its principal place of business located at 2107 Loumour Avenue, Richmond, Virginia 23230.

3. Prior to September 13, 2019, WayForth was named Legacy Navigator, LLC ("Legacy"). On or about September 13, 2019, Legacy legally changed its name to WayForth. WayForth's resident agent for purposes of service of process in Virginia is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

4. WayForth conducts business in this judicial district from its offices located at (i) 44600 Guilford Drive, Suite 170, Ashburn, Virginia 20147, (ii) 8560 Cinder Bed Road, Suite 700, Lorton, Virginia 22079; (iii) 2107 Loumour Avenue, Richmond, Virginia 23230; and (iv) 1518 Willow Lawn Drive, Suite 300, Richmond, Virginia 23230.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

6. This Court has personal jurisdiction over WayForth because it is located in and purposefully conducts business in Virginia in this judicial district and has submitted to the personal jurisdiction of this Court pursuant to Section 10.9 of the contract at issue.

7. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(1) because it is in a judicial district in which WayForth resides, and pursuant to 28 U.S.C. §

---

[1] WayForth's principal office is listed as 2107 Loumour Avenue, Richmond, Virginia 23230 with the Virginia State Corporation Commission.

1391(b)(2) because a substantial part of the events or omissions giving rise to the claim asserted occurred in this judicial district. Additionally, WayForth, consented to venue in this Court pursuant to Section 10.9 of the contract at issue.

## ASSET PURCHASE AGREEMENT

8. Teamwork and WayForth have both been successful senior move management and transition companies.

9. On or about August 5, 2019, WayForth (previously Legacy) and Teamwork (previously Let's Organize) entered into the Asset Purchase Agreement attached hereto as Exhibit A ("Agreement").

10. Pursuant to Section 2.1 of the Agreement, WayForth purchased substantially all of Teamwork's "right, title and interest in and to the assets, properties, rights, claims, contracts and businesses of every kind, character and description, whether tangible or intangible, whether real, personal or mixed, whether accrued, contingent or otherwise, and wherever located which are used in or related to [its] Businesses."

11. Pursuant to Sections 2.5 and 2.6 of the Agreement WayForth agreed to pay Teamwork $3,000,000.00 for Teamwork's assets as follows: (i) $2,000,000.00 at the closing of the transaction which occurred on August 16, 2019; and (ii) $1,000.000.00 on the "Payment Date" which is defined on Page 6 of the Agreement as April 30, 2023.

12. WayForth paid Teamwork the initial payment of $2,000,000.00 at the August 16, 2019 closing of the transaction. However, despite repeated demands, WayForth has failed and refused to pay Teamwork the $1,000.000.00 final payment which was due on April 30, 2023.

13. WayForth has admitted that it owes Teamwork the $1,000,000.00 and advised that it intends to pay Teamwork that amount in full. However, WayForth disingenuously asserts

3

that there is a "timing" issue regarding when the payment is actually due under the Agreement. WayForth's assertion is in bad faith and without merit. There is no valid "timing" issue.

14. Regarding WayForth's purported "timing" issue, pursuant to Section 2.6 of the Agreement, the $1,000,000.00 final payment was subject to a potential upward (only) adjustment of up to $200,000.00 depending upon WayForth's annual gross revenues in 2020, 2021, and 2022. In order to determine whether an upward adjustment was earned, WayForth was required to provide Teamwork with a "<u>report</u>" of its gross revenue "<u>promptly</u>" at the end of each calendar year. That report would then be compared against the revenue targets set forth in Section 2.6 of the Agreement. If WayForth exceeded the revenue targets, the final payment could be adjusted upwards. WayForth, however, never provided Teamwork with the year-end revenue reports.

15. WayForth now asserts that it is not required to make the $1,000,000.00 payment until a formal annual audit of its 2022 financial statements by its CPA firm is complete. The Agreement, however, does not require an audited financial statement, only a revenue "report."

16. WayForth has repeatedly refused to provide Teamwork with its 2022 revenue report. It is now eight (8) months into 2023 and WayForth has not provided the 2022 revenue report. Instead WayForth claims that the annual audit of its 2022 financial statements must be completed, although it will not say when this will happen.

17. WayForth's refusal to provide its 2022 revenue report is in bad faith. WayForth has its 2022 revenue numbers at its finger tips and can easily prepare the required 2022 revenue report. One of Teamwork's owners—Kimberly McMahon—was an observing attendee of WayForth's board of directors' meetings and saw firsthand that the company keeps contemporaneous records of its gross revenue on a monthly basis, as do virtually all businesses. WayForth is simply stalling.

18. Further, it is undisputed that WayForth did <u>not</u> meet the revenue targets in the Agreement for 2020 and 2021. As for 2022, as shareholders of WayForth, Ms. McMahon and Allison Pihl, the other owner of Teamwork, were provided by WayForth with its unaudited consolidated financial statements through August 2022. WayForth's gross revenues through August 2022 was only $14,799,892.00, which when extrapolated for all of 2022 would be $22,199,838—far less than the $50,000,000.00 target for 2022 in the Agreement. Simply put, WayForth did not meet any of the revenue targets in the Agreement—no one claims otherwise—and no upward adjustment to the $1,000,000.00 final payment is required.

19. Moreover, in order to resolve the matter short of litigation, Teamwork told WayForth that it would waive (i) any possible upward adjustment of the $1,000,000.00 final payment, and (ii) preparation of the 2022 revenue report. WayForth inexplicably rejected this proposal. WayForth appears determined to hold onto the $1,000,000.00 until the funds are pried from its hands.

20. Pursuant to Section 10.10 of the Agreement, "time is of the essence" with respect to the performance of WayForth's contractual obligations under the Agreement which include "promptly" providing its revenue reports after the end of each calendar year and making the $1,000,000.00 payment on or before April 30, 2023.

## COUNT I – BREACH OF CONTRACT

21. Teamwork incorporates by reference the allegations of Paragraphs 1 through 20 set forth above.

22. The Agreement is a binding contract between the parties.

23. WayForth breached the Agreement by failing to (i) make the $1,000,000.00 final payment on April 30, 2023, and (ii) "promptly" provide the 2022 revenue report and other yearly revenue reports after the end of each calendar year.

24. Teamwork has been directly and proximately injured and damaged in the amount of $1,000,000.00 plus interest and attorney's fees due to WayForth's breaches of the Agreement and its failure to (i) make the $1,000,000.00 final payment on April 30, 2023, and (ii) "promptly" provide the 2022 revenue report and other yearly reports after the end of each calendar year.

25. Teamwork is entitled to recover its reasonable attorney's fees and costs incurred in this matter pursuant to Section 10.9 of the Agreement.

26. All conditions precedent necessary for filing this Complaint have been satisfied.

WHEREFORE, Teamwork respectfully asks the Court to enter a final judgment in its favor against WayForth in the amount of $1,000,000.00, plus award Teamwork (i) its reasonable attorney's fees and costs incurred in this matter pursuant to Section 10.9 of the Agreement, and (ii) prejudgment and post-judgment interest at the statutory rate of 6% per annum pursuant to Va. Code § 6.2-301 from April 30, 2023 until such judgment is paid in full.

Dated: August 10, 2023.

OFFIT | KURMAN, P.C.

By: _____
John C. Monica, Jr. (VSB No. 32858)
Caroline Callahan (VSB No. 88497)
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, Virginia 22182
(703) 745-1800 (telephone)
(703) 745-1835 (facsimile)
john.monica@offitkurman.com
caroline.callahan@offitkurman.com
*Counsel for Plaintiff*

4882-5453-5019, v. 1